E-FILED
Thursday, 04 August, 2005  11:49:14 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-10035 |
| | ) |
| LATONYA W. WALLS, | ) |
| | ) |
| Defendant. | ) |

FILED
AUG 0 3 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## PLEA AGREEMENT AND STIPULATION OF FACTS

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Darilynn J. Knauss, Assistant United States Attorney, and the defendant, Lotonya W. Walls, personally and by the defendant's attorney, Luke Taylor, hereby enter into this plea agreement.

1.  This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists,

1

except as set forth in this plea agreement.

2.     This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3.     This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) and, therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw her plea of guilty.

## CHARGES, ELEMENTS, AND PENALTIES

4.     The defendant will plead guilty to the one count Information, in which the defendant is charged with Bringing Contraband into a Prison, in violation of Title 18, United States Code, Section 1791.

5.     The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature and elements of the crime to which the defendant is pleading guilty. To sustain the charge of Bringing Contraband into a Prison, the United States must prove

the following propositions beyond a reasonable doubt:

Bringing Contraband into a Prison (18 U.S.C. §1791)

a. That the defendant, in violation of a statute or a rule or order issued under a statute;

b. provided to an inmate of a prison a prohibited object.

6. The defendant understands and agrees that the offenses to which she shall plead guilty carries the following potential penalties:

Bringing contraband into a prison

- up to 5 years in prison;
- a fine of up to $250,000;
- up to 3 years of supervised release; and
- a $100 mandatory special assessment.

7. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

8. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. The parties to this agreement have not reached a determination on the issue of restitution. Restitution may

include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## STATUTORY AND APPEAL WAIVERS

### Waiver of Right of Appeal from Conviction and Sentence

9. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

### Waiver of Right to Collateral Attack

10. The defendant also understands that she has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that she

received ineffective assistance from her attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands her rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives her right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include her right to challenge the amount of

5

any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

## ADVISORY SENTENCING GUIDELINES

11.     The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines.  The defendant understands that the Court must consider the advisory Sentencing Guidelines range when imposing sentence.  The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed.

12.     Based on the information currently available, the defendant and the United States agree to recommend to the Court:

   a.    Based upon facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct in accordance with Section 3E1.1 of the Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate.  Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any bond

violations while on pretrial release, including but not limited to the commission of any local, state or federal offenses. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility for the defendant's criminal conduct.

      b.    If the defendant's base offense level is 16 or higher, then the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently.

      c.    The defendant acknowledges that these are only recommendations and are not binding by the Court.

13.    The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial

7

portion of the defendant's income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the United States and the defendant reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to United States Sentencing Guideline Section 4A1.3.

14.   The defendant and the defendant's attorney acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5H1.1 through Section 5H1.12, Section 5K.2.0 through Section 5K2.21, and other grounds for downward departure from the applicable advisory Sentencing Guideline range. The defendant acknowledges that she has fully discussed any potential basis for downward departure with the defendant's attorney. The defendant agrees that no other departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant. This paragraph applies only to arguments relating to departures under the advisory Sentencing Guidelines; nothing in this paragraph shall prohibit the defendant or the United States from presenting information

8

and arguments to the Court regarding any of the other factors listed under Title 18, United States Code, Section 3553(a).

15. The defendant and the United States agree that the above statements regarding Sentencing Guidelines calculations are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate.

16. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

## DEFENDANT'S OBLIGATIONS

17. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for the count contained in the Information to

9

which the defendant is entering a plea of guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that she will be required to do so as a condition of this plea agreement. The failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

## THE UNITED STATES ATTORNEY'S OBLIGATIONS

18. The United States Attorney for the Central District of Illinois agrees to bring no additional criminal charges in the Central District of Illinois against the defendant relating to or arising from the offenses charged in this Information, except for any crime of violence and any crime unknown to the United States Attorney for the Central District of Illinois prior to the time this plea agreement is signed by the parties.

## FACTUAL BASIS

19. The defendant will plead guilty because the defendant is in fact guilty of the charge contained in the Information. In pleading guilty to that charge, the defendant stipulates to and admits to the following facts:

On December 14, 2004, an inmate of the Federal Correctional Institution in Pekin, Illinois was found in possession of marijuana. Subsequent investigation

established that the marijuana was brought into the prison by the defendant, a secretary at FCI-Pekin.

The defendant was interviewed and admitted she had a personal relationship with one of the inmates and had brought the marijuana into the prison at his request.

Laboratory analysis established the substance to be 3.7 grams of marijuana.

### EFFECT OF VIOLATION OF AGREEMENT

20. The defendant agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea. The defendant also agrees to waive any and all double jeopardy rights, and the applicable statute of limitations should the United States seek to reinstate any charges against the defendant or seek to have the defendant resentenced.

11

21. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

22. The defendant understands that by pleading guilty the defendant surrenders the following rights, among others:

   a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

   b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

   c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if

the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

       d.    The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

       e.    The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

23.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights.

**AGREED:**

**Defendant's Attorney:**

24.     I have discussed this plea agreement fully with my client, and I am satisfied that my client fully understands its contents and terms. No threats, promises, or representations have been made, nor agreements reached, express or implied, to induce my client to plead guilty other than those stated in this written Plea Agreement. I have reviewed with my client United States Sentencing Guidelines Sections 1B1.3 and 1B1.4 (relevant conduct).

Date: 8/3/05            s/Luke Taylor
                        Luke Taylor
                        Attorney for Latonya W. Walls

**Defendant:**

25.     I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I

14

understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

Date: 8/3/05                    /s/ Latonya W. Walls
                                Latonya W. Walls
                                Defendant

**United States:**

26. On behalf of the United States of America, I accept and agree to this Plea Agreement.

Date: 8/3/05                    JAN PAUL MILLER
                                UNITED STATES ATTORNEY

                                s/Darilynn J. Knauss
                                Darilynn J. Knauss
                                Assistant United States Attorney

15